838 F.2d 468
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Pascall B. SLAYTON, Plaintiff-Appellant,
v.
Otis R. BOWEN, M.D., Secretary United States Department of
Health and Human Services, Defendant-Appellee.
 No. 87-3047.
 United States Court of Appeals, Fourth Circuit.
 Argued: Nov. 2, 1987.
Decided: Jan. 20, 1988.
 
 George Lawrence Fitzgerald for appellant.
 Clifford Carson Marshall, Jr., Assistant United States Attorney (Thomas J. Ashcraft, United States Attorney, on brief), for appellee.
 Before JAMES DICKSON PHILLIPS and CHAPMAN, Circuit Judges, and TERRENCE WILLIAM BOYLE, United States District Judge for the Eastern District of North Carolina, sitting by designation.
 PER CURIAM:
 
 
 1
 Appellant Pascall B. Slayton filed this action seeking disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act. An Administrative Law Judge denied Slayton's application, and the Appeals Council refused review. Slayton then sought judicial review in district court. The district court granted appellee's motion for summary judgment, and Slayton appealed to this court. We now reverse and remand.
 
 
 2
 Slayton filed applications for disability benefits on June 13, 1985 alleging that beginning June 10, 1983, he became disabled because of breathing problems and skin cancer. At the administrative hearing, the ALJ found that Slayton had a residual functional capacity to perform occupations at the medium exertional level, had previous unskilled work experience and was illiterate. Among other findings, the ALJ also determined that Slayton was 59 years old at the time of the hearing, placing him in the "advanced age" category under 20 C.F.R. Sec. 404.1563 (1987). After considering Slayton's age in conjunction with the other findings, including Slayton's residual functional capacity, education and work experience, the ALJ determined that Slayton was not disabled under the Act.
 
 
 3
 Since the administrative hearing, however, Slayton has become 60 years old. Thus, in accordance with 20 C.F.R. Sec. 404.1563 (1987), Slayton's status changed from "advanced age" to an individual "closely approaching retirement age." This change in status now qualifies Slayton for disability benefits under 20 C.F.R. Sec. 404, Subpt. P, App. 2 (1987).
 
 
 4
 Accordingly, we reverse the district court and remand to the Secretary with instructions to find that as of Slayton's sixtieth birthday on April 4, 1986, he qualified for disability benefits.
 
 
 5
 REVERSED AND REMANDED.